UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH A. STACEY | : | DOCKET NO. 3:00CV794 (CFD) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRISTOL, ET AL | : | FEBRUARY 22, 2003 |
| Defendants | : | |

**STATUS REPORT**

Plaintiff, Kenneth A. Stacey, hereby files his status report. The undersigned has called opposing counsel twice concerning this report, and has yet to hear from opposing counsel. When the undersigned hears from opposing counsel, a join status report will be filed in place of the present status report, if necessary.

A. **Nature of the Case**

1. This action arises out of incidents that occurred on or around August 24, 1999. The claims made are for excessive/unreasonable force under 42 U.S.C. 1983 and 1988 as to defendant officers, defamation/malicious prosecution, and violation 42 U.S.C. 1983 and 1988 as to the defendant City of Bristol as to its policies. Plaintiff Kenneth Stacey claims that one or more individual defendants named in this action apprehended and intentionally assaulted him by throwing him to the pavement and assaulting, at which they kicked and punched, using a gun and

1

batons.  The defendants are the City of Bristol, Officer David Carello, and various other Bristol Police officers.  The relief requested are compensatory damages, punitive damages, and attorneys fees.  There are other related pending actions.

    2.    There are not pending motions.  Opposing counsel has indicated some interest in refiling a motion for summary judgment.  The original had been denied on September 30, 2002, without prejudice to refile as to the amended complaint.

    3.    This matter will be tried to a jury, although the undersigned will recommend a trial to this court, and will recommend trial before a Magistrate.

B.  **Discovery**

    1.  The undersigned believes this case is ready for trial with limited discovery necessary.  Plaintiff's deposition has been taken, and written discovery has been exchanged.  The plaintiff may need to conduct the deposition of an eyewitness in the event that she is unavailable for trial.  The parties had a teleconference with Magistrate Judge Garfinkel on August 4, 2003, who suggested that plaintiff disclose his expert witnesses (medical) by the end of September, which the undersigned has completed and filed.   Defendants have indicated an interest in disclosing a liability expert, but have not done so to date.  This is largely an excessive force case, and the undersigned believes, as did Judge Garfinkel, that the need and propriety of such an expert is

2

questionable.  Opposing counsel has suggested modification of the present scheduling.  Plaintiff was pro se for much of the duration of this case; no case management report has been filed.

C. **Settlement**

    1. There has been no settlement conference conducted in this case.

    2. There are no outstanding reports regarding settlement.

    3. The plaintiff believes such a conference would be beneficial at this time.

D. **Trial Preparation**

    1. This case should be ready for trial in the next sixty days.

    2. None.

    3. No pleadings from the plaintiff are anticipated.

    4. A joint trial memorandum has not been filed, and there is no new deadline set as yet as to its filing.

PLAINTIFF,

BY_____

James F. Sullivan, Esq.
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
P.O. Box 261798
Hartford, CT 06126-1798
(860) 525-3101
His Attorney
Fed Bar No: ct12745

4

**CERTIFICATION OF <u>SERVICE</u>**

      I hereby certify that a copy of the foregoing was mailed, postage prepaid, on February 23, 2004 to the following counsel of record:

Thomas R. Gerarde, Esq.
John Radshaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

                                                       James F. Sullivan